UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHARLES JAMES GRAPSKI

      Plaintiff,

vs.                                  CASE NO.

SADIE DARNELL, as SHERIFF OF
ALACHUA COUNTY, FLORIDA,
BRENDA SPENCER, and
LEE JACKSON,

      Defendants.

_____/

## INDEX TO NOTICE OF REMOVAL

      Defendants, pursuant to Local Rule 7.2 of the Rules for the Northern District of Florida, file

with their Notice of Removal, true and legible copies of all process, pleadings, orders, and other

papers or exhibits of every kind on file in the state court as of the date of this Notice of Removal, as

indexed below:

1.      Docket Sheet;

2.      Complaint;

3.      Civil Cover Sheet;

4.      Copy of Letter from Joseph W. Little to Sadie Darnell dated December 4, 2011;

5.      Application for Determination of Civil Indigent Status;

6.      Clerk's Certificate of Mailing;

7.      Summons issued for Sadie Darnell, Lee Jackson and Brenda Spencer with stamped

      returns of service.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHARLES JAMES GRAPSKI

      Plaintiff,

vs.

                                                  CASE NO.

SADIE DARNELL, as SHERIFF OF
ALACHUA COUNTY, FLORIDA,
BRENDA SPENCER, and
LEE JACKSON,

      Defendants.

_____/

ITEM 1: Docket Sheet

Alachua County Clerk of the Court
J.K. Irby - Clerk of the Court
General Index Search

# Docket List

**01 2011 CA 004235 - CIRCUIT CIVIL - DIV. K**
GRAPSKI, CHARLES JAMES -VS- DARNELL SADIE AS SHERIFF OF ALACHUA COUNTY et al

13 records found

| File Date | Docket Text | Amount | Amount Due |
|---|---|---|---|
| 12/08/2011 | SHERIFF'S RETURN ON 20-DAY SUMMONS - SERVED 12-07-11 AS TO LEE JACKSON | | |
| 12/08/2011 | SHERIFF'S RETURN ON 20-DAY SUMMONS - SERVED 12-07-11 AS TO BRENDA SPENCER | | |
| 12/07/2011 | SHERIFF'S RETURN ON 40-DAY SUMMONS - SERVED 12-06-11 AS TO: SADIE DARNELL | | |
| 12/05/2011 | SUMMONS (20-DAY) ISSUED AS TO: BRENDA SPENCER (RET. TO PET.) | | |
| 12/05/2011 | SUMMONS (40 DAY) ISSUED AS TO: SHERIFF SADIE DARNELL (RET. TO PET.) | | |
| 12/05/2011 | SUMMONS (20-DAY) ISSUED AS TO: LEE JACKSON (RET. TO PET.) | | |
| 12/05/2011 | SHERIFF SUBPOENA/SUMMONS/D & I FEE Receipt: 285278 Date: 12/05/2011 | $120.00 | $0.00 |
| 12/05/2011 | SUMMONS FEE 28.241(1)(d) CIRCUIT CIVIL Receipt: 285278 Date: 12/05/2011 | $30.00 | $0.00 |
| 08/22/2011 | CLERK'S CERTIFICATE OF MAILING<br><br>Circuit -Certificate of Mailing Document Sent on: 08/22/2011 09:46:57.23 | | |
| 08/17/2011 | APPLICATION FOR DETERMINATION OF CIVIL INDIGENT STATUS / CLERK'S DETERMINATION (INDIGENT) | | |
| 08/15/2011 | COPY OF LETTER FROM JOSEPH W LITTLE LAWYER TO SADIE DARNELL SHERIFF OF ALACHUA CO. DATED 12/04/2008 | | |
| 08/15/2011 | CIVIL COVER SHEET - JURY TRIAL REQUESTED | $400.00 | $0.00 |
| 08/15/2011 | COMPLAINT (UNSIGNED) | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHARLES JAMES GRAPSKI

      Plaintiff,

vs.                                CASE NO.

SADIE DARNELL, as SHERIFF OF
ALACHUA COUNTY, FLORIDA,
BRENDA SPENCER, and
LEE JACKSON,

      Defendants.
_____/

ITEM 2: Complaint

## IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
## IN AND FOR ALACHUA COUNTY, FLORIDA

CHARLES JAMES GRAPSKI

*2011 CA 4235*
*K*

            Plaintiff,    Case Number:   01

v.

SADIE DARNEL, AS SHERIFF OF
ALACHUA COUNTY, FLORIDA,
BRENDA SPENCER, and
LEE JACKSON.

            Defendants.

_____/

### CIVIL COMPLAINT DAMAGES

1.   This is a civil actions for damages in excess of $15,000 brought pursuant to the law of Florida and 42 USC §1983.

2.   This Court has jurisdiction pursuant to Article III§5(b) Florida Constitution and §26(2)(a) Fla. Stat.

3.   Plaintiff provided Defendant Sadie Darnell, as Sheriff of Alachua County, Florida, the notice to sue required by §768.28 Fla. Stat. by letter dated December 4, 2008.

4.   A copy of the letter referred to in the previous paragraph is attached hereto.

### PARTIES

5.   At all times relevant hereto, plaintiff Charles James Grapski was a citizen of Alachua County and the State of Florida.



6

6.   Plaintiff Charles James Grapski is hereinafter referred to as Grapski.

7.   At all times relevant hereto, the Sadie DARNEL, as sheriff of Alachua County, Florida was a was an elected governmental official in the government of Alachua County Florida.

8.   Defendant Sadie DARNEL, as sheriff of Alachua County, Florida, is hereinafter referred to as Sheriff.

9.   At all times relevant hereto, Brenda Spencer, was a corrections officer employed by Sheriff.   (Hereinafter referred to as Spencer.)

10.  At all times relevant hereto,  LEE JACKSON was a corrections officer  by Sheriff.  (Hereinafter referred to as Jackson.)

## FACTS

11.  Sheriff administers the Alachua County Adult Detention Center in Gainesville, Florida on behalf of Alachua County, Florida. (Hereinafter referred to as ACDC.)

12.  Brenda Spencer was employed by Sheriff as a corrections officer in ACDC.

13.  Lee Jackson was employed by Sheriff as a corrections officer in ACDC.

14.  On about August 14, 2007 Grapski was an inmate in ACDC.

15.  On or about the morning of August 14, 2007, Grapski appeared in a televised first appearance in the first appearance facility at ACDC.

16.  While Grapski was making his first appearance before a judge, Spencer grabbed him and removed him from the room before he had completed his presentation to the first appearance judge.

17.  After removing Grapski from the first appearance room, Spencer told him

she was going to strip search him

18. Spencer had no written authorization from the supervising officer on duty to strip search Grapski.

19. It was then unlawful in Florida for a female officer to strip search a male person.

20. Grapski is a male person.

21. It was then unlawful in Florida for a corrections officer to conduct a strip search of Grapski without written authorization from the supervising officer on duty.

22. Grapski said to Spencer that she was not going to strip search him.

23. Grapski said to Spencer that she needed to get authorization from the Sheriff or the supervising officer of the jail.

24. Spencer, Jackson and others violently forced Grapski onto the concrete floor in the strip search room

25. Spencer, Jackson and others sprayed mace into Grapski's face at very close range.

26. The violence Spencer, Jackson and others expressed against Grapski caused him to be bruised and contused, to suffer chemical burns and pain in his eyes, to suffer difficulty breathing and to become extremely ill from the chemicals in the mace.

27. Spencer, Jackson and others removed Grapski to a solitary cell and and refused to provide him medical care.

28. Grapski passed out in the cell hitting his head on a metal bench and the concrete floor.

29. Spencer, Jackson and others refused to provide Grapski medical attention and instead strapped him into a chair.

30. Spencer, Jackson and others left Grapski strapped to the chair for several hours.

31. Grapski requested medical assistance.

32. Spencer, Jackson and others denied Grapski medical assistance.

33. At all times Spencer, Jackson and others were acting as Sheriff's agents.

34. At all times, Spencer, Jackson and others were acting pursuant to practices and customs Sheriff permitted in the treatment of inmates.

35. At all times, Spencer, Jackson and others were acting in a manner to hurt Grapski and to deny him medical assistance because of negligence in instruction, training and supervision provided by Sheriff and their ACDC supervisors.

36. Grapski continued to request medical care.

37. Sheriff's agents continued to refuse to provide it.

38. Grapski became sicker.

39. Grapski was finally admitted to the ACDC medical unit.

40. Sheriff failed to provide adequate instruction, training and supervision to assure that Grapski would receive adequate medical care.

41. As a result of Sheriff's practices and custom of providing inadequate medical care, training and supervision in ACDC Grapski suffered severe illness including kidney failure.

42. After being ill and throwing up, Grapski lost consciousness and fell

unconscious in the ACDC medical unit.

43. Because of inadequate training, instruction and supervision, Sheriff's agents permitted Grapski to remain unconscious for several hours

44. Because of inadequate training, instruction and supervision, Sheriff's agents permitted Grapski to fall into a coma.

45. Sheriff's agents transported Grapski to the North Florida Regional Medical Center in Gainesville while he was in a coma.

46. North Florida diagnosed Grapski as suffering severe kidney failure among other ills.

47. Grapski remained in a coma in the hospital for at least two days.

48. After several days in the North Florida Regional Hospital, Sheriff's agents returned Grapski to ACDC.

49. Sheriff continued to ignore Grapski's need for adequate medical care.

## COUNT 1

50. Grapski sues Spencer and Jackson for intentionally battering him in wanton disregard of his human rights and safety and causing him to suffer physical injuries and pain and suffering.

51. Grapski demands an award of damages and costs against Spencer and Jackson.

## COUNT 2

52. Grapski sues Sheriff for the physical injuries and pain and suffering inflicted upon him as a result of having negligently and inadequately trained, instructed and supervised Spencer and Jackson as to when and how strip searches may be lawfully conducted, and demands an award of damages and

costs against Sheriff for the physical injuries and pain and suffering he suffered as a result of that negligent training, instruction and supervision.

## COUNT 3

53. Grapski sues Sheriff for the physical injuries and pain and suffering he suffered in being negligently denied adequate medical care as a result of the negligent and inadequate training, instruction and supervision of Sheriff's agents and employees in regard to the care and treatment of inmates in ACDC, particularly Grapski.

## COUNT 4

54. Grapski sues Sheriff pursuant to 42 USC §1983 for having operated ACDC under practices and customs that denied him rights guaranteed by the Fourteenth Amendment to the United States Constitution and caused him to suffer physical injuries and pain and suffering, and demands damages, attorneys fees and costs.

## TRIAL BY JURY

52. Plaintiff demands trial by jury.


Charles James Grapski, pro se

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHARLES JAMES GRAPSKI

      Plaintiff,

vs.                                         CASE NO.

SADIE DARNELL, as SHERIFF OF
ALACHUA COUNTY, FLORIDA,
BRENDA SPENCER, and
LEE JACKSON,

      Defendants.

_____/

ITEM 3: Civil Cover Sheet

SEQ CHAPTER \h \r 1          **CIVIL COVER SHEET**

**I. CASE STYLE**
(Name of Court) **CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT IN**
**AND**                          **FOR ALACHUA COUNTY, FLORIDA**

Plaintiff          <u>CHARLES JAMES GRAPSKI</u>          Case # 2011 CA :

                                                              Judge:

vs.

Defendants          <u>Sadie Darnell, as Sheriff of Alachua County, Florida</u>
                    <u>Brenda Spencer, and Lee Jackson</u>

**II. TYPE OF CASE** (If the case fits more than one type of case, select the most definitive
category.) If the most descriptive label is a subcategory (is indented under a broader
category), place an x in both the main category and subcategory boxes.

[ ] Condominium
[ ] Contracts and indebtedness
[ ] Eminent domain
[ ] Auto negligence
[x ] Negligence--other
  [ ] Business governance
  [ ] Business torts
  [ ] Environmental/Toxic tort
  [ ] Third party indemnification
  [ ] Construction defect
  [ ] Mass tort
  [ ] Negligent security
  [ ] Nursing home negligence
  [ ] Premises liability--commercial
  [ ] Premises liability--residential
[ ] Products liability
[ ] Real property/Mortgage foreclosure
  [ ] Commercial foreclosure $0 - $50,000

  [ ] Commercial foreclosure $50,001 - $249,999

  [ ] Commercial foreclosure
  $250,000 or more
  [ ] Homestead residential
  foreclosure $0--$50,000

  [ ] Nonhomestead residential
  foreclosure $50,001--$ 249,999
  [ ] Nonhomestead residential
  foreclosure $250,000 or more
  [ ] Other real property actions $0 -
  $50,000
  [ ] Other real property actions
  $50,001 - $249,999
  [ ] Other real property actions
  $250,000 or more
[ ] Professional malpractice
  [ ] Malpractice--business
  [ ] Malpractice--medical
  [ ] Malpractice--other professional
[ ] Other
  [ ] Antitrust/Trade regulation
  [ ] Business transactions
  [ ] Constitutional challenge--statute or
  ordinance
  [ ] Constitutional challenge--proposed
  amendment
  [ ] Corporate trusts
  [ ] Discrimination--employment or
  other
  [ ] Insurance claims

[ ] Homestead residential
  foreclosure $50,001--$249,999
[ ] Homestead residential
  foreclosure $250,000 or more
[ ] Nonhomestead residential
  foreclosure $0--$50,000

[ ] Intellectual property
[ ] Libel/Slander
[ ] Shareholder derivative action
[ ] Securities litigation
[ ] Trade secrets
[ ] Trust litigation

**III. REMEDIES SOUGHT** (check all that apply):
[x ] monetary;
[ ] nonmonetary declaratory or injunctive relief;
[x] punitive

**IV. NUMBER OF CAUSES OF ACTION:** [4]
(specify) Battery; Negligent and Inadequate Training, Supervision, and Instruction; Denial of Medical Care; Denial of Rights under 14th Amendment
_____

**V. IS THIS CASE A CLASS ACTION LAWSUIT?**
[ ] yes
**[X ] no**

**VI. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
**[X ] no**
[ ] yes If "yes", list all related cases by name, case number, and court.

_____
_____
_____

**VII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
[x ] yes
[ ] no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____ Fla. Bar #
Attorney or party (Bar # if attorney)

Charles James Grapski ! ̄  August   . 2011
(type or print name)        Date

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHARLES JAMES GRAPSKI

      Plaintiff,

vs.                                  CASE NO.

SADIE DARNELL, as SHERIFF OF
ALACHUA COUNTY, FLORIDA,
BRENDA SPENCER, and
LEE JACKSON,

      Defendants.

_____/

ITEM 4: Copy of Letter from Joseph W. Little to Sadie Darnell dated December 4, 2011

**JOSEPH W. LITTLE**
**LAWYER**
**3731 N. W. 13th Place**
**Gainesville, Fl. 32605**

352-372-5955 (Home)
352-214-8454
Littlegnv@gmail.com

December 4, 2008

Sadie Darnell, Sheriff of Alachua County
2621 SE Hawthorne Road
Gainesville, Fl. 32641   367-4019                    sent via mail and email:
              mhanna@alachuasheriff.org , sheriffdarnell@alachuasheriff.org

Re: Charles Grapski: §768.28 Notice

Dear Sheriff Darnell:

This is to provide notice pursuant to §768.28 that my client, Grapski,
intends to sue you and certain members of your jail staff to recover damages for
the following incidents:

1. An incident in the jail involving corrections officer Brenda Spencer and others
in which Grapski was battered, thrown to the ground, maced, illegally strip
searched, illegally confined and otherwise mistreated. This notice includes
ensuing mistreatment that lead to his hospitalization prior to release from the jail.

2. Numerous incidents of illegal strip searches, interfering with his consultation
with his lawyers, and other abusive practices during his incarceration in the jail
commencing in October 2008 and extending to today's date and longer. Letter of
December 2, 2008 to you pertaining to jail practices.

You have been previously provided notice of some or all of these incidents.

I am providing notice of this claim to the Department of Financial Services
as required by law.

Yours sincerely,

Joseph W. Little

cc: Cindy Weygant, Esq., Staff Attorney
cweygant@alachuasheriff.org

Florida Department of Financial Services
Division of Risk Management, Legal Notices
200 East Gaines St.
Tallahassee, FL 32399-0336    RMWebsite@fldfs.com

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHARLES JAMES GRAPSKI

      Plaintiff,

vs.                            CASE NO.

SADIE DARNELL, as SHERIFF OF
ALACHUA COUNTY, FLORIDA,
BRENDA SPENCER, and
LEE JACKSON,

      Defendants.

_____/

ITEM 5: Application for Determination of Civil Indigent Status

Print Form

IN THE CIRCUIT/COUNTY COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA

CASE NO. *2011 CA 4235*

Charles Grapski
Plaintiff/Petitioner or In the Interest Of

VS

Sadie Darnell, Brenda Spencer and Lee Jackson
Defendant//Respondent

## APPLICATION FOR DETERMINATION OF CIVIL INDIGENT STATUS

**Notice to Applicant:** If you qualify for civil indigence, the filing fee is waived, however other costs and fees are not waived.

1.. I have **0** dependents. *(Include only those persons you list on your U.S. Income tax return.)*
Are you Married? ☐ Yes ☒ No Does your Spouse Work? ☐ Yes ☐ No Annual Spouse Income? $_____

2. I have a net income of $ **0** paid ☐ weekly ☐ every two weeks ☐ semi-monthly ☐ monthly ☐ yearly ☐ other _____.
*(Net income is your total income including salary, wages, bonuses, commissions, allowances, overtime, tips and similar payments, minus deductions required by law and other court-ordered payments such as child support.)*

3. I have other income paid ☐ weekly ☐ every two weeks ☐ semi-monthly ☐ monthly ☐ yearly ☐ other _____.
*(Circle "Yes" and fill in the amount if you have this kind of income, otherwise circle "No")*

| | | | | |
|---|---|---|---|---|
| Second Job ........................... Yes $_____ No | | Veterans' benefits ....................................Yes $_____ No |
| Social Security benefits | | Workers compensation ............................Yes $_____ No |
|    For you ........................... Yes $_____ No | | Income from absent family members ......Yes $_____ No |
|    For child(ren) ...................... Yes $_____ No | | Stocks/bonds .........................................Yes $_____ No |
| Unemployment compensation ............. Yes $_____ No | | Rental income ........................................Yes $_____ No |
| Union payments .............................. Yes $_____ No | | Dividends or interest ............................Yes $_____ No |
| Retirement/pensions........................... Yes $_____ No | | Other kinds of income not on the list. .....Yes $_____ No |
| Trusts ........................................... Yes $_____ No | | Gifts ......................................................Yes $_____ No |

I understand that I will be required to make payments for costs to the clerk in accordance with §57.082(5), Florida Statutes, as provided by law, although I may agree to pay more if I choose to do so.

4. I have other assets: (Circle "yes" and fill in the value of the property, otherwise circle "No")

| | | | |
|---|---|---|---|
| Cash........................................ Yes $_____ No | | Savings Account......................................Yes $_____ No |
| Bank account(s) ...................... Yes $_____ No | | Stocks/bonds ........................................Yes $_____ No |
| Certificates of deposit or | | Homestead Real Property* ....................Yes $_____ No |
| Money market accounts ........... Yes $_____ No | | Motor Vehicle* ......................................Yes $_____ No |
| Boats* .................................... Yes $_____ No | | Non-homestead real property/real estate*........Yes $_____ No |
| show loans on these assets in paragraph 5 | | Other assets*.........................................Yes $_____ No |

Check one: I ☐ DO ☒ DO NOT expect to receive more assets in the near future. The asset is _____

5. I have total liabilities and debts of $_____ as follows: Motor Vehicle $_____, Home $_____, Boat $_____, Non-homestead Real Property $_____, Child Support paid direct $_____, Credit Cards $_____, Medical Bills $_____, Cost of medicines (monthly) $_____, Other $_____.

6. I have a private lawyer in this case............ ☐ Yes ☒ No
A person who knowingly provides false information to the clerk or the court in seeking a determination of indigent status under s. 57.082, F.S. commits a misdemeanor of the first degree, punishable as provided in s.775.082, F.S. or s. 775.083, F.S. I attest that the information I have provided on this application is true and accurate to the best of my knowledge

Signed this **10th** day of **August** , **2011** .
**6/8/1965**
Date of Birth

**G812-150-65-209-0**
Driver License or ID Number

Signature of Applicant for Indigent Status
Print Full Legal Name **Charles James Grapski**
Phone Number **407-460-7987**

**116 Zacado Way, Kissimmee, FL, 34743**
Address, P O Address, Street, City State, Zip

This form was completed with the assistance of: _____
Clerk/Deputy Clerk/Other authorized person.

### CLERK'S DETERMINATION

Based on the information in this Application, I have determined the applicant to be ( ✓ ) Indigent ( ) Not Indigent, according to s. 57.082, F.S.

Dated this **17** day of **August** , 20 **11** .

J.K. Irby
Clerk of the Circuit Court
By _____ Deputy clerk

APPLICANTS FOUND NOT TO BE INDIGENT MAY SEEK REVIEW BY A JUDGE BY ASKING FOR A HEARING TIME.
THERE IS NO FEE FOR THIS REVIEW.
Sign here if your want the judge to review the clerk's decision _____

07/01/2009

Case: 2011 CA 004235
DKT: AF50-R

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHARLES JAMES GRAPSKI

     Plaintiff,

vs.                             CASE NO.

SADIE DARNELL, as SHERIFF OF
ALACHUA COUNTY, FLORIDA,
BRENDA SPENCER, and
LEE JACKSON,

     Defendants.

_____/

ITEM 6: Clerk's Certificate of Mailing

## IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
## IN AND FOR ALACHUA COUNTY FLORIDA

CHARLES JAMES GRAPSKI

              Plaintiff

-VS-

DARNELL SADIE AS SHERIFF OF
ALACHUA COUNTY

              Defendant(s)

Case Number:  01 2011 CA 004235

Division:   VICTOR L HULSLANDER -
DIV K

### CERTIFICATE OF MAILING

The undersigned J. K. Irby, Clerk of the Court, certifies that a copy of the
APPLICATION FOR DETERMINATION OF CIVIL INDIGENT STATUS has been
furnished at the address indicated in the file to counsel of record and/or pro se parties to
this cause by U. S. Mail.

CHARLES JAMES
GRAPSKI
116 ZACALO WAY
KISSIMMEE, FL  34743

This _22_ day of _August 2011_

J. K. Irby, Clerk of Circuit and County Courts

By: _____
   Deputy Clerk

CIR102

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHARLES JAMES GRAPSKI

      Plaintiff,

vs.                                     CASE NO.

SADIE DARNELL, as SHERIFF OF
ALACHUA COUNTY, FLORIDA,
BRENDA SPENCER, and
LEE JACKSON,

      Defendants.

_____/

**ITEM 7: Summons issued for Sadie Darnell, Lee Jackson and Brenda Spencer
With Stamped Returns of Service**

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA

CHARLES JAMES GRAPSKI,

      Plaintiff,

vs.

SADIE DARNELL (as Sheriff of
Alachua County, Florida),
BRENDA SPENCER, and LEE JACKSON,

      Defendants.

_____/

CASE NO.: 11-CA-4235

DIV: K

A True Copy
SADIE DARNELL, SHERIFF
ALACHUA COUNTY, FLORIDA
Served at _____ on the _____ Day
of _____ 20 __
BY _____
AS DEPUTY SHERIFF

**SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of
the Complaint or Petition in this action upon the Defendant:

    Sheriff Sadie Darnell
    Sheriff of Alachua County, Florida
    2621 S. E. Hawthorne Rd.
    Gainesville, Florida    32641

    Each defendant is required to serve written defenses to the
complaint or petition in this action on James Haddon Sullivan
III, Plaintiff's Attorney, whose address is 204 West University
Avenue, Suite 10, Gainesville, Florida, 32601, within 20 days *40 days*
after service of this summons on that defendant, exclusive of the
day of service, and to file the original of the defenses with the
clerk of this court either before service on plaintiff's attorney
or immediately thereafter.  Except when sued pursuant to section
768.28, Florida Statutes, the state of Florida, an agency of the
state, or an officer or employee of the state sued in an official
capacity shall serve an answer to the complaint within 40 days
after service of this summons on that defendant.  If a defendant
fails to do so, a default will be entered against that defendant
for the relief demanded in the complaint or petition.

DATED on _December 5_, _2011_ .

(SEAL)

J. K. Irby
CLERK OF THE CIRCUIT COURT

BY _____
DEPUTY CLERK

IN THE CIRCUIT OF THE EIGHTH JUDICIAL CIRCUIT, IN AND FOR ALACHUA COUNTY, FLORIDA
ALACHUA COUNTY COURTHOUSE, 201 E. UNIVERSITY AVE., P.O. BOX 600, GAINESVILLE, FLORIDA 32602

Charles James Grapski
Plaintiff,
-VS-
Brenda Spencer, Lee Jackson, Sadie Darnell          Case No.: 11-CA-4235
Defendant,
as Sheriff of Alachua County
FLORIDA                                              DIVISION: K

SUMMONS / PERSONAL SERVICE OF AN INDIVIDUAL

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE: You are hereby commanded to serve this Summons and a copy of the Complaint
or Petition in this action on the Defendant: Lee Jackson
                                             c/o Sheriff's Office
                                             2621 S.E. Hawthorne Rd.
                                             Gainesville, FL 32641

WITNESS my hand and the seal of said Court on this 5 day of December, 2011

J. K. "Buddy" Irby
Clerk of the Circuit Court

by
Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a
written response to the attached complaint with the Clerk of this Court. A phone call will not protect you. Your written
response, including the case number given above and the names of the parties, must be filed if you want the court to hear
your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and
property may thereafter be taken without further warning from the court. There are other legal requirements. You may
want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal
aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you
must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no
cost to you, to the provision of certain assistance. Persons with a disability who need any accommodation in order to participate
should call Jan Phillips, ADA Coordinator, Alachua County Courthouse, 201 E. University Ave., Gainesville, FL 32601 at (352) 337-6237
within two (2) working days of your receipt of this notice; if you are hearing impaired call (800) 955-8771; if you are voice impaired,
call (800) 955-8770."

James H. Sullivan III
PLAINTIFF/PLAINTIFF'S ATTORNEY

204 W. Univ. Av. #10
Gainesville FL 32601

ADDRESS
            584711
FLORIDA BAR NUMBER

A True Copy
SADIE DARNELL, SHERIFF
ALACHUA COUNTY, FLORIDA
Served at 830 A.M. on the 7 Day
of Dec , 20 11
BY Aco OuBre 952
AS DEPUTY SHERIFF

IN THE CIRCUIT OF THE EIGHTH JUDICIAL CIRCUIT, IN AND FOR ALACHUA COUNTY, FLORIDA
ALACHUA COUNTY COURTHOUSE, 201 E. UNIVERSITY AVE., P.O. BOX 600, GAINESVILLE, FLORIDA 32602

Charles James Grapski ,
Plaintiff,
-VS-
Brenda Spencer, Lee ,                    Case No.: 11 - CA - 4235
Defendant,
Jackson, Sadie Darnell ,                 DIVISION: K
as Sheriff of Alachua County, Florida

## SUMMONS / PERSONAL SERVICE OF AN INDIVIDUAL

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE: You are hereby commanded to serve this Summons and a copy of the Complaint or Petition in this action on the Defendant: Brenda Spencer
c/o Sheriff's Office
2621 S.E. Hawthorne Rd, Gainesville, FL 32641

WITNESS my hand and the seal of said Court on this 5 day of December, 2011.

J. K. "Buddy" Irby
Clerk of the Circuit Court

by _____
Deputy Clerk

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Persons with a disability who need any accommodation in order to participate should call Jan Phillips, ADA Coordinator, Alachua County Courthouse, 201 E. University Ave., Gainesville, FL 32601 at (352) 337-6237 within two (2) working days of your receipt of this notice; if you are hearing impaired call (800) 955-8771; if you are voice impaired, call (800) 955-8770."**

James H. Sullivan III
PLAINTIFF/PLAINTIFF'S ATTORNEY

204 W. Univ. Av. #10
Gainesville FL 32601
ADDRESS

584711
FLORIDA BAR NUMBER

A True Copy
SADIE DARNELL, SHERIFF
ALACHUA COUNTY, FLORIDA
Served at 930 PM on the 7 Day
of Dec , 20 11
BY _____ S 7
AS DEPUTY SHERIFF