## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**CHARLES JAMES GRAPSKI,**

      **Plaintiff,**

**v.**                                            **Case No. 1:11-cv-00276-SPM-GRJ**

**SADIE DARNEL, AS SHERIFF OF**
**ALACHUA COUNTY, FLORIDA,**
**BRENDA SPENCER, AND**
**LEE JACKSON**

      **Defendants.**

## ORDER DENYING MOTION TO
## DISMISS COUNT I AND GRANTING
## MOTION TO DISMISS COUNTS II, III, AND IV

      **THIS CAUSE** comes before the Court upon the motion to dismiss (doc. 3) filed by Defendants Sadie Darnel, Brenda Spencer, and Lee Jackson.  For the reasons set forth below, Defendants' motion to dismiss will be granted as to Counts II, III, and IV, and denied as to Count I.

## A. BACKGROUND

      On the morning of August 14, 2007 Charles James Grapski (Plaintiff) was an inmate making his first appearance by video at the Alachua County Adult Detention Center (ACDC).  (doc. 1 ¶¶ 14, 16)  Before Plaintiff completed his presentation to the judge, corrections officer Brenda Spencer (Spencer) removed Plaintiff from the room. (doc. ¶ 16) Once Spencer removed Plaintiff from the room Spencer notified Plaintiff that

she was going to strip search him.  (doc. ¶ 17)  Plaintiff refused to submit to a search and told Spencer that she needed authorization from a supervising officer of the jail to strip search him.  (doc. 1 ¶¶ 18, 22)  Spencer called corrections officer Lee Jackson (Jackson) to assist her, and they both forced Plaintiff to the ground and strip searched him.  (doc. 1 ¶ 24)

During the search Spencer and Jackson sprayed mace in Plaintiff's face and caused Plaintiff to become "bruised and contused, to suffer chemical burns and pain to his eyes, to suffer difficulty breathing and to become extremely ill from the chemicals in the mace."  (doc. 1 ¶¶ 25, 26)  After searching Plaintiff, Spencer and Jackson removed Plaintiff to a solitary cell.  (doc. 1 ¶ 27)  At this time Plaintiff requested medical care, but Spencer and Jackson refused Plaintiff's request.  (doc. 1 ¶ 27)  While in the solitary cell Plaintiff passed out, and hit his head on the metal bench and the concrete floor within the cell.  (doc. 1 ¶ 28)  Plaintiff again requested medical attention and Spencer and Jackson refused this request as well.  (doc. 1 ¶ 29)  Spencer and Jackson then strapped Plaintiff into a chair and left him there for several hours.  (doc. ¶¶ 29, 30)  While in the chair Plaintiff's physical condition began to deteriorate, and Spencer and Jackson removed Plaintiff from the chair.  (doc. ¶¶ 38, 39)  At this point, Spencer and Jackson took Plaintiff to the ACDC medical unit where he threw up, lost consciousness, and suffered kidney failure.  (doc. 1 ¶¶ 38, 39, 41, 42) The Sheriff's agents then took Plaintiff to the hospital where he entered into a coma.  (doc. 1 ¶¶ 45, 47)  Plaintiff remained in a coma

for two days after which time Sadie Darnell's (Sheriff) agents returned Plaintiff to ACDC.  (doc. 1 ¶¶ 47, 48)

As a result of Plaintiff's injuries, Plaintiff brings multiple claims against Spencer, Jackson, and the Sheriff. Plaintiff brings Count I against both Spencer and Jackson and Counts II, III, and IV against the Sheriff. In Count I, Plaintiff claims that Spencer and Jackson intentionally battered Plaintiff with disregard for Plaintiff's safety and caused Plaintiff physical injuries as well as pain and suffering. In Count II, Plaintiff claims his physical injuries were inflicted upon him as a result of the Sheriff's negligence in training, instructing, and supervising Spencer and Jackson. In Count III, Plaintiff claims the Sheriff negligently denied Plaintiff adequate medical care because of the Sheriff's negligent training, instruction, and supervision of the Sheriff's agents. Finally, in Count IV, Plaintiff claims the Sheriff violated 42 U.S.C. § 1983 through the adoption of practices and customs that denied Plaintiff his rights guaranteed under the 14th amendment.  (doc. 1 ¶¶ 50-54)

## B. COUNTS I AND II

### I. STATUTE OF LIMITATIONS

Defendants move to dismiss Counts I and II, arguing that Plaintiff's claims are time barred under Florida Statutes, Section 95.11(3)(a) and (o)[1].  (doc. 3)  The applicable statute of limitations, 95.11(3)(a) and (o), requires that an action founded on negligence, assault, battery, or any other intentional tort be commenced within four years of the date

---

[1]        Defendants' motion cites 95.11(2), however 95.11(3) is the applicable statute and the actual statute Defendants are referencing.

the alleged injury occurred.   Fla. Stat. § 95.11.  Plaintiff's complaint alleges that the incidents in question that resulted in Plaintiff's injury occurred on August 14, 2007. However, Plaintiff did not file his complaint until August 15, 2011, four years and one day after the alleged incident. Because Counts I and II are state law claims, the Court will apply the state method for computation of time as set forth in the Florida Rules of Civil Procedure.  See 4B Wright and Miller, Federal Practice and Procedure: Civil 3d § 1164.

The Florida rules of civil procedure[2] state that if "the last day of the period . . . is a Saturday, Sunday, or legal holiday . . . the period shall run until the end of the next day which is neither a Saturday, Sunday or legal holiday."  Fla. R. Civ. P. 1.090(a)  In the instant case, four years from the date of the incident fell on Sunday, August 14, 2011. Since the last day Plaintiff could have brought a claim of negligence and battery fell on a Sunday, Plaintiff's period did not run until Monday, August 15, 2011.

Additionally, 1.090(a) states that "the day of the act . . . from which the designated period of time begins to run shall not be included."  Id.  Since August 14, 2007 was the date the alleged incidents occurred, Plaintiff's period of time would begin to run on August 15, 2007. Thus, August 15, 2011 would be the actual last day of the period and therefore Plaintiff's complaint was timely. Since Plaintiff properly filed his complaint within the four year period required by Florida law, Defendants' motion to dismiss Counts I and II for an untimely claim is denied.

---

[2]      Even if the Court were to apply the analogous federal rule, Fed. R. Civ. P. (6)(a), the result would be the same because the methods for computing time are the same.

## II. SOVEREIGN IMMUNITY

Plaintiff alleges in Count II that the Sheriff's negligent training, instruction and supervision of her employees caused Plaintiff physical injury. The Sheriff argues that Count II should be dismissed because the Sheriff did not owe a duty of care to Plaintiff, and the Sheriff's actions were subject to sovereign immunity.

Motions to dismiss negligence claims against governmental entities are evaluated under a two-step analysis. Lewis v. City of St. Petersburg, 260 F.3d 1260, 1262 (11th Cir. 2001); Kaisner v. Kolb, 543 So. 2d 732, 734 (Fla. 1989). First the court must determine if the plaintiff's complaint alleged "the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages." Lewis, 260 F.3d at 1262. Second, the court must determine if the government's actions are "discretionary in nature" and therefore excluded from the government's waiver of sovereign immunity. Hemmings v. Jenne, No. 10-61126-CIV, 2010 WL 4005333, at *5 (S.D. Fla. Oct. 12, 2010). If the court determines that no duty of care exists, or that the governmental entity is protected by sovereign immunity, the complaint must be dismissed.

When a governmental entity is sued for negligence, "a court should first determine whether a duty of care would be owed to the aggrieved party, absent sovereign immunity." Williams v. City of Daytona Beach, No. 604CV1879ORL19KRS, 2005 WL 1421293, at *3 (M.D. Fla. June 16, 2005). A governmental entity's alleged negligent actions are subject to tort liability when there is either a statutory or common law duty of

care. <u>Kaisner</u>, 543 So. 2d at 734; <u>Trianon Park Condo. Ass'n, Inc. v. City of Hialeah</u>, 468 So. 2d 912, 917 (Fla. 1985).  Florida courts have found a duty of care is owed to persons who have been taken into custody or detained.  <u>Kaisner</u>, 543 So. 2d at 734.  Therefore, if Plaintiff "was placed in some sort of 'custody' or detention, [Plaintiff] is owed a common law duty of care." <u>Id.</u>

In the instant case there is no issue as to whether Plaintiff was held in custody, and therefore no issue as to whether the Sheriff owed Plaintiff a duty of care. Once Plaintiff was admitted to jail both the Sheriff and her officers owed a duty of care to Plaintiff.  Plaintiff's complaint alleges that the Sheriff breached her duty to Plaintiff through the Sheriff's negligence in training, instructing and supervising her officers to conduct proper strip searches and that this breach caused Plaintiff "physical injuries and suffering."  (doc. 1 ¶ 52)  Plaintiff's complaint properly establishes the Sheriff owed Plaintiff a duty of care, breached that duty, and that the breach caused Plaintiff harm. Therefore, Plaintiff has properly established duty of care.

Once a duty of care has been established, this Court must next determine whether the Sheriff's actions are protected by sovereign immunity. The Supreme Court of Florida has held that sovereign immunity does not attach, and therefore governmental liability exists "when the act of the government or its agent is not discretionary, but operational in nature." <u>Kaisner</u>, 543 So.2d at 736.  The issue then, is whether the Sheriff's actions of training, instructing and supervising her officers are discretionary or operational.  <u>Id.</u>

Both terms, discretionary and operational, are broadly defined, so Florida has

adopted a four part test to differentiate between the two terms:

> 1) Does the challenged act, omission, or decision necessarily
> involve a basic governmental policy, program, or objective? (2)
> Is the questioned act, omission, or decision essential to the
> realization or accomplishment of that policy, program, or
> objective as opposed to one which would not change the course
> or direction of the policy, program, or objective? (3) Does the
> act, omission, or decision require the exercise of basic policy
> evaluation, judgment, and expertise on the part of the
> governmental agency involved? (4) Does the governmental
> agency involved possess the requisite constitutional, statutory, or
> lawful authority and duty to do or make the challenged act,
> omission, or decision? If these preliminary questions can be
> clearly and unequivocally answered in the affirmative, then the
> challenged act, omission, or decision can, with a reasonable
> degree of assurance, be classified as a discretionary governmental
> process and nontortious, regardless of its unwisdom.

Id.  If an act is determined to be discretional, "it would be an improper infringement of

separation of powers for the judiciary, by way of tort law, to intervene in fundamental

decision making of the executive and legislative branches . . . ."  Id.

Plaintiff's complaint alleges that the Sheriff was negligent in training and

supervising her officers. The training of officers, and the supervision of officers are two

different responsibilities of the Sheriff, and therefore they must be analyzed separately.

**NEGLIGENT TRAINING**

Historically, courts have held that governmental training of officers is a

discretionary function.  In Lewis v. City of St. Petersburg, the plaintiff claimed that "the

City's negligent training of its employees caused [plaintiff] to suffer damages . . . ."  260

F.3d at 1265.  In Lewis the plaintiff did not challenge the "implementation or operation"

of the officer's training but rather the policy decisions of what to include in the training. Id. at 1266.  The Eleventh Circuit held that "[a] city's decision regarding how to train its officers and what subject matter to include in the training is clearly an exercise of governmental discretion . . . ."  Id.  Since the plaintiff challenged the content of the training, sovereign immunity applied and the claim was barred. Id.

The holding in Lewis is distinguished in Williams v. City of Daytona Beach where the court held the plaintiff was challenging the operational duty of the defendant in training officers.  2005 WL 1421293, at *5.  In Williams, the plaintiff claimed the city was negligent not in the discretionary choice of policies but instead in the implementation of those policies.  Id. The plaintiff challenged the "training of the officers and their actions specifically as it relates to his cause of action."  Id.  Since the plaintiff challenged the operational nature of the City's training of officers, sovereign immunity did not apply and the defendant's motion was denied.  Id.

In the present case, Plaintiff challenges the discretionary function of the Sheriff's training of his officers. Count 2 specifically alleges the Sheriff was negligent in training "when and how strip searches may be lawfully conducted . . . ."  (doc. 1 ¶ 52)  This complaint is specifically challenging the discretionary content of the training and not the operation and implementation of the training.  Mercando v. City of Orlando, 407 F.3d 1152, 1162 (11th Cir. 2001) ("The determination of the content of a training program is a discretionary function for the city which is afforded sovereign immunity.") Nowhere in the complaint does Plaintiff allege facts that challenge the implementation of the

Sheriff's practices. Instead the complaint only alleges facts that claim the Sheriff's practices were not "adequate." Since Plaintiff challenged the content of the program and not its implementation, the Sheriff has sovereign immunity with respect to this claim.

**NEGLIGENT SUPERVISION**

To properly state a claim for negligent supervision the plaintiff must demonstrate that the governmental entity had notice that "the officers had 'harmful propensities' or [were] unfit to serve as a police officer." Id.  Plaintiff does not allege any facts that show the Sheriff was on notice that Spencer and Jackson had "harmful propensities" or were not fit to serve as police officers.   Since Plaintiff's complaint fails to allege the Sheriff was on notice that his officers were unfit to serve, Plaintiff has failed to state a claim for negligent supervision.

The Sheriff is protected by sovereign immunity because the training of her officers is a discretionary act and because Plaintiff failed to allege any facts that the Sheriff was on notice that her officers were unfit to serve. Therefore this Court grants the Sheriff's motion to dismiss Count II.

**C. COUNT III**

**I. STATUTE OF LIMITATIONS**

Plaintiff alleges in Count III that Plaintiff was "denied adequate medical care as a result of the negligent and inadequate training, instruction and supervision of the Sheriff's agents . . . ."  (doc. 1)   The Sheriff argues Count III should be dismissed because Plaintiff's claim is barred by the statute of limitations.

9

Specifically, the Sheriff argues that Plaintiff's claim is a medical malpractice claim under Florida law and therefore subject to a two year statute of limitation.  (doc. 3 p. 10)  Florida Statutes § 95.11(4) defines "action for medical malpractice" as a claim "for damages because of the death, injury, or monetary loss to any person arising out of any medical, dental, or surgical diagnosis, treatment, or care by any health care provider."  Fla. Stat. § 95.11(4).  Plaintiff is not claiming that the Sheriff negligently treated or diagnosed Plaintiff, but instead Plaintiff's complaint alleges that the Sheriff's negligent training and supervision denied Plaintiff adequate medical care.  (doc. 1 ¶ 53) This is a negligent training and supervision claim, not a medical malpractice claim, and therefore the statute of limitations for negligence in Florida is four years.  Fla. Stat. § 95.11.  As previously discussed, because the last day of Plaintiff's four years to bring a claim landed on a Sunday Plaintiff could properly bring the claim that next Monday, August 15, 2011.  Fla. R. Civ. P. 1.090(a)  Therefore, Count III is timely filed.

## II. SOVEREIGN IMMUNITY

The Sheriff also moves to dismiss Count III because the Sheriff is protected by sovereign immunity.  (doc. 3 p. 11)   Plaintiff's complaint alleges Spencer and Jackson were acting pursuant to the Sheriff's "practices and customs" in their treatment of Plaintiff, and that these practices resulted in "inadequate medical care."  (doc. 1 ¶¶ 34, 41) More specifically, Plaintiff alleges that the training and supervision were not adequate enough to ensure Plaintiff would receive medical care.  (doc. 1 ¶ 40)

Here, as in Count II, Plaintiff is attacking the discretionary policy decisions of the Sheriff and not the implementation of that policy. Plaintiff claims the Sheriff's policies were not adequate in providing Plaintiff with proper medical care instead of claiming that the Sheriff negligently implemented those policies.  (doc. 1 ¶ 34) Therefore, the Sheriff is entitled to sovereign immunity with respect to this claim.

Additionally, Plaintiff alleges no facts to demonstrate that the Sheriff was on notice that Spencer and Jackson were unfit to be officers so as to state a claim for negligent supervision. Therefore, because Plaintiff challenged the discretionary policy decisions of the Sheriff, instead of the Sheriff's implementation of that policy, and because Plaintiff did not allege any facts to demonstrate that the Sheriff was on notice that Spencer and Jackson were unfit to be officers, this Court grants the Sheriff's motion to dismiss Count III.

**D. COUNT IV**

Plaintiff's final claim is a federal cause of action pursuant to 42 U.S.C. § 1983. (doc. 1 ¶ 54)  The Sheriff moves to dismiss this claim for failure "to allege sufficient facts to establish any basis for official capacity liability against the Sheriff."  (doc. 3 p.11)

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) will not be granted if the complaint "contain[s] inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 684 (11th Cir.

2001).  In reviewing the Sheriff's motion this Court must "accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff."  St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am., 795 F.2d 948, 954 (11th Cir. 1986).  However, "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice" and this Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  Thus, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing the instant case, Plaintiff has correctly stated that under a 42 U.S.C. § 1983 cause of action a plaintiff must allege "(1) plaintiff's constitutional rights were violated; (2) the state agency had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation."  (doc.8, p. 11) citing McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004).  The first element of § 1983 cause of action was properly stated when Plaintiff alleged he suffered injury at the hands of the Sheriff's officers.  (doc. 8)  Plaintiff has a liberty interest in his bodily integrity that is protected under the Fourteenth Amendment, Johnson v. Cannon, 947 F. Supp. 1567, 1573 (M.D. Fla. 1996), and that interest was allegedly violated when both Spencer and Jackson caused Plaintiff physical injury.

Next, to properly allege the Sheriff had a custom that was indifferent to Plaintiff's constitutional right, Plaintiff must allege facts that "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."  McDowell, 392 F.3d 1283, 1289.  To

identify a policy it is necessary for Plaintiff, "to show a persistent and wide-spread practice" and in general, "actions or isolated incidents are insufficient to establish a custom or policy."  Depew v. City of St. Marys, Georgia, 787 F.2d 1496, 1499 (11th Cir. 1986).  In the instant case Plaintiff's complaint fails to allege any facts that state the Sheriff adopted a wide-spread custom or policy that caused a violation of Plaintiff's constitutional rights.

   While this Court must accept Plaintiff's alleged facts as true, there is no requirement to consider legal conclusions as factual allegations.  Ashcroft v. Iqbal, 129 S. Ct. at 1949-50.   In the instant case Plaintiff's complaint alleges that Spencer and Jackson were "acting pursuant to practices and customs Sheriff permitted" and that these practices resulted in Plaintiff's injury.  However, Plaintiff fails to allege what these policies and customs were, and further fails to allege facts that establish Spencer and Jackson were acting pursuant to a policy the Sheriff established.

   Plaintiff argues that sections 34, 41, and 54, of Plaintiff's complaint allege the second element under § 1983. However these sections are not factual allegations but instead legal conclusions. There are no facts alleged that would lead this Court to believe that Spencer and Jackson were acting according to a policy or custom the Sheriff established. Instead the facts alleged by Plaintiff may just as easily lead this Court to conclude that Defendants' actions were an isolated incident not endorsed by Sheriff and not a reflection of an established policy.  Thus, Plaintiff has failed to allege sufficient

facts that make plausible his claim that the Sheriff established a policy that was followed by Spencer and Jackson.

      Plaintiff has failed to properly allege in his complaint that Spencer and Jackson were acting pursuant to a policy that the Sheriff established, and therefore failed to allege that any such policy ***caused*** the violation to Plaintiff's constitutional rights. Therefore, Plaintiff has failed to properly state a claim under Fed. R. Civ. P. 8(a)(2). This Court grants the Sheriff's motion to dismiss Count IV of Plaintiff's complaint under 12(b)(6) for Plaintiff's failure to state a claim upon which relief can be granted without prejudice. Because Plaintiff may be able to make additional allegations to state a proper claim, the Court will provide Plaintiff with an opportunity to amend.

      Based on the foregoing, it is ORDERED AND ADJUDGED:

1. Defendants' motion to dismiss (doc. 3) is granted in part and denied in part.

2. The motion is denied as to Count I.

3. The motion is granted as to Counts II and III, which are subject to sovereign immunity.

4. The motion is granted as to Count IV because the allegations are not sufficient to show that the Sheriff adopted a custom or policy that caused Plaintiff's injuries. If Plaintiff wishes to pursue this claim, he may file an amended complaint on or before March 1, 2012.

      DONE AND ORDERED this 21st day of February, 2012.

                              *S/ Stephan P. Mickle*
                              Stephan P. Mickle
                              Senior United States District Judge