```
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF FLORIDA
                   GAINESVILLE DIVISION
```

CHARLES JAMES GRAPSKI,

                                  CASE NO.: 1:11-cv-00276-SPM-GRJ

    Plaintiff,

v.

SADIE DARNELL, as Sheriff of
Alachua County, Florida;
BRENDA SPENCER; and LEE
JACKSON,

    Defendants.
_____/

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### Jurisdiction

1. This is a civil action for damages in excess of $15,000 brought pursuant to the laws of Florida and 42 U. S. C. Section 1983.

2. This Court has original jurisdiction over the federal claim in this matter pursuant to 28 U. S. C. § 1331 and supplemental jurisdiction over the remaining claims in this matter pursuant to 28 U. S. C. § 1367.

3. Plaintiff provided to Defendant SADIE DARNELL, as Sheriff of Alachua County (SHERIFF), the notice to sue required by Florida Statute § 768.28 by letter dated December 4th, 2008 (attached to original Complaint).

**Parties**

4.  At all times relevant hereto, Plaintiff CHARLES JAMES GRAPSKI (GRAPSKI) was a citizen of Alachua County in the state of Florida.

5.  At all times relevant hereto, Defendant SHERIFF was an elected government official in Alachua County, Florida.

6.  At all times relevant hereto, Defendant BRENDA SPENCER (SPENCER) was a corrections officer employed by Defendant SHERIFF in the Alachua County Adult Detention Center (the Jail).

7.  At all times relevant hereto, Defendant LEE JACKSON (JACKSON) was a corrections officer employed by Defendant SHERIFF in the Jail.

**Facts Common to All Counts**

8.  At all times relevant hereto, Defendant SHERIFF administered, and continues to administer, the Jail.

9.  Plaintiff GRAPSKI was an inmate of the Jail from the afternoon of August 13th through the evening of August 20th in 2007.

10. On or about the morning of August 14th, 2007, Plaintiff GRAPSKI appeared in Court from the Jail by video for first appearance.

11. At the conclusion of Plaintiff GRAPSKI's court appearance, Defendant SPENCER escorted Plaintiff GRAPSKI from the first

appearance room and as she did so she stated that Plaintiff GRAPSKI would now be strip searched.

12. At all times relevant hereto, it was the explicit policy of Defendant SHERIFF "[t]o minimize introduction of contraband items or weapons into the jail, and for the safety of staff and the inmate population, all post-first appearance inmates shall be strip-searched prior to being placed in general population."

13. Plaintiff GRAPSKI was aware of Florida Statute § 901.211(5), which states that "[n]o law enforcement officer shall order a strip search within the agency or facility without obtaining the written authorization of the supervising officer on duty."

14. At all times relevant hereto, it was the practice of Defendant SHERIFF to strip search all post-first appearance inmates prior placing them in the general population without obtaining any written authorization of the supervising officer on duty.

15. No such written authorization of the supervising officer on duty was in place ordering that Plaintiff GRAPSKI be strip searched.

16. Plaintiff GRAPSKI verbally objected to being strip searched.

17. Defendant SPENCER and Defendant JACKSON and other officers forced Plaintiff GRAPSKI to the floor of the strip search area.

18. Defendant SPENCER and Defendant JACKSON and other officers violently took hold of Plaintiff GRAPSKI and sprayed a disproportionate amount of oleoresin capsicum (mace) into Plaintiff GRAPSKI's face at close range.
19. Plaintiff GRAPSKI suffered an acute reaction from the mace including the cramping of his muscles such that his body became involuntarily and temporarily paralyzed in a fetal position.
20. Defendant SPENCER and Defendant JACKSON and the other officers assumed that Plaintiff GRAPSKI was malingering and repeatedly forced Plaintiff GRAPSKI's body into a normal standing position.
21. The actions of Defendant SPENCER and Defendant JACKSON and the other officers caused Plaintiff GRAPSKI to suffer bruises and severe pain and contributed to Plaintiff GRAPSKI's hospitalization six days later.
22. Defendant SPENCER and Defendant JACKSON and other officers then carried Plaintiff GRAPSKI from the strip search area to a holding cell, where they threw Plaintiff GRAPSKI to the floor.
23. Plaintiff GRAPSKI repeatedly requested medical care, but no medical care was forthcoming.
24. When Plaintiff GRAPSKI's pain and cramping began to subside, Plaintiff GRAPSKI attempted to stand up, but Plaintiff

GRAPSKI feinted and fell, hitting his face on a metal bench and on the floor of the holding cell.

25. Defendant JACKSON and other officers then placed Plaintiff GRAPSKI in a restraining chair and left Plaintiff GRAPSKI in the restraining chair for several hours.

26. As a result of the actions of Defendant JACKSON and other officers, Plaintiff GRAPSKI suffered bruises on his wrists from the restraints on the chair.

27. Plaintiff GRAPSKI continued to request medical care, but the officers provided no medical care.

28. The officers left Plaintiff GRAPSKI in the restraining chair all day without medical care, until officers took Plaintiff GRAPSKI to the Jail Infirmary that evening.

29. Over the next several days, Plaintiff GRAPSKI received inadequate medical care in the Jail Infirmary, such that Plaintiff GRAPSKI began vomiting violently and lapsed into unconsciousness on the morning of August 20th, 2007.

30. Despite his desperate condition, Plaintiff GRAPSKI received inadequate medical care in the Jail Infirmary on the day of August 20th, 2007.

31. Plaintiff GRAPSKI suffered dehydration and acute renal failure, which resulted in Plaintiff GRAPSKI's emergency transfer to North Florida Regional Hospital late in the evening of August 20th, 2007.

**Count 1: Defendant SPENCER Battered Plaintiff GRAPSKI in a Manner Exhibiting Wanton and Willful Disregard of Human Rights**

32. Plaintiff GRAPSKI realleges paragraphs 1 through 31 above.

33. Defendant SPENCER intentionally touched (battered) Plaintiff GRAPSKI in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

34. Plaintiff GRAPSKI experienced bodily injuries and psychological injuries and pain and suffering as a result of Defendant SPENCER's battery.

**Count 2: Defendant JACKSON Battered Plaintiff GRAPSKI in a Manner Exhibiting Wanton and Willful Disregard of Human Rights**

35. Plaintiff GRAPSKI realleges paragraphs 1 through 31 above.

36. Defendant JACKSON intentionally touched (battered) Plaintiff GRAPSKI in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

37. Plaintiff GRAPSKI experienced bodily injuries and psychological injuries and pain and suffering as a result of Defendant JACKSON's battery.

**Count 3: Defendant SHERIFF is Vicariously Liable for the Negligent Implementation of Official Jail Policies by Her Agents Resulting in the Improper Restraint of Plaintiff GRAPSKI and/or the Improper Use of Non-Deadly Force**

38. Plaintiff GRAPSKI realleges paragraphs 1 through 31 above.

39. Defendant SHERIFF is vicariously liable for the negligent actions of Defendant SHERIFF's agents when such actions are taken in the scope of the agents' employment or function.

40. Defendant SHERIFF's agents at the Jail had a duty to Plaintiff GRAPSKI to follow the official policies of Defendant SHERIFF in restraining inmates and in using non-deadly force.

41. Defendant SHERIFF's agents at the Jail breached their duty to Plaintiff GRAPSKI to follow the official policies of Defendant SHERIFF by violently manhandling Plaintiff GRAPSKI and/or improperly spraying mace into Plaintiff GRAPSKI's face and/or improperly restraining Plaintiff GRAPSKI in a restraining chair.

42. The actions of Defendant SHERIFF's agents at the Jail noted in the preceding paragraph were taken in the scope of the agents' employment or function.

43. The breach of duty by Defendant SHERIFF's agents at the Jail caused Plaintiff GRAPSKI to experience bodily injuries and psychological injuries and pain and suffering.

**Count 4:  Defendant SHERIFF is Vicariously Liable for the Negligent Implementation of Official Jail Policies by Her Agents Resulting in the Inadequate Medical Care Afforded Plaintiff GRAPSKI**

44. Plaintiff GRAPSKI realleges paragraphs 1 through 31 above.

45. Defendant SHERIFF is vicariously liable for the negligent actions of Defendant SHERIFF's agents when such actions are taken in the scope of the agents' employment or function.

46. Defendant SHERIFF's agents at the Jail had a duty to Plaintiff GRAPSKI to follow the official policies of Defendant SHERIFF in providing adequate medical care.

47. Defendant SHERIFF's agents at the Jail breached their duty to Plaintiff GRAPSKI to follow the official policies of Defendant SHERIFF by failing to provide adequate medical care.

48. The actions of Defendant SHERIFF's agents at the Jail noted in the preceding paragraph were taken in the scope of the agents' employment or function.

49. The breach of duty by Defendant SHERIFF's agents at the Jail caused Plaintiff GRAPSKI to experience bodily injuries and psychological injuries and pain and suffering.

**Count 5:   Defendant SHERIFF is Liable Under 42 U. S. C. § 1983 for the Unconstitutional Strip Search of Plaintiff GRAPSKI**

50. Plaintiff GRAPSKI realleges paragraphs 1 through 31 above.

51. Defendant SHERIFF's explicit policy regarding "Inmate Searches" ("DOJ 427") stated that "all post-first appearance inmates shall be strip-searched prior to being placed in general population."

52. At all times relevant hereto, it was the practice of Defendant SHERIFF to strip search all post-first appearance inmates prior to placing them in the general population without obtaining any written authorization of the supervising officer on duty and without making any determination as to whether such strip searches were justified by reasonable suspicion.

53. Defendant SHERIFF's policies and customs constituted deliberate indifference to the Constitutional rights of

inmates, even in the face of repeated pronouncements from federal courts that strip searches are unlawful in the absence of reasonable suspicion and the holdings of Florida state courts stating that strip searches conducted in violation of the statutory requirements set forth in section 901.211 constitute a Fourth Amendment violation.

54. The Sheriff's agents subjected Defendant Grapski to a strip search without any written authorization of the supervising officer on duty and absent any determination as to whether the strip search was justified by reasonable suspicion.

55. The Sheriff's agents, by following the customs and policy of Defendant Sheriff, violated Plaintiff Grapski's Fourth Amendment rights to be free from unreasonable searches and seizures and his right to the integrity of his own body when they conducted the strip search described in the previous paragraph.

56. Plaintiff Grapski suffered physical injuries and psychological injuries and pain and suffering when he verbally resisted the unlawful strip search.

WHEREFORE, Plaintiff GRAPSKI requests a trial by jury, judgement against all Defendants, an award of monetary damages, an award of attorneys fees and costs as appropriate, and such other relief as the Court may deem appropriate.

**Certificate of Service**

I HEREBY CERTIFY that on March 1st, 2012, I filed the foregoing through the CM/ECF system pursuant to Federal Rule of Civil Procedure 5(b) and Northern District of Florida Rule 5.1(A).

                                      Respectfully Submitted,

                                      /s/ James H. Sullivan III
JAMES H. SULLIVAN III
Fla. Bar No.: 584711
204 W. Univ. Ave., Suite 10
Gainesville, FL 32601
(352) 380-9660
jamessullivaniii@bellsouth.net
Attorney for Plaintiff